## CARMEAN v YAPLE

Ohio Appeals, 4th Dist, Ross Co

Decided Jan 18, 1936

Wade J. Beyerly, Chillicothe, and Kenneth T. Stevens, Chillicothe, for plaintiff in error.

Luther B. Yaple, Chillicothe, for defendant in error.

## OPINION

By BLOSSER, J.

Benjamin G. Sykes was an old man and seriously ill. Prior to the time in controversy he moved into the house of his nephew, the plaintiff, and his wife and lived wi.h them and they took care of him. Sykes was the owner of the money in question, consisting of forty $20 bills, which was kept by him in a trunk in the room where he was confined during his sickness. The evidence of the witnesses for the plaintiff is to the effect that Sykes told the plaintiff that he could have the trunk with all its contents and that it was his, and Sykes thereupon gave plaintiff the keys to the trunk; that the plaintiff a little later opened the trunk, took the money out and counted it in the presence of Sykes, and Sykes reiterated that he had given the plaintiff the money. The trunk, the money and the keys were kept in the house belonging to the plaintiff and were in his custody and control. If these facts are to be believed this amounted to a completed gift. The title to the money passed to the plaintiff.

The defendant asserted that later he called upon Sykes and that Sykes directed him to take the money and deposit it in bank, which he did after obtaining the key to the trunk from Mrs. Carmcan in the absence of the plaintiff. The defendant testified that Sykes told him in substance that the money was his and what he wanted done with it, and that all the defendant did was to carry out Sykes' wishes.

The plaintiff further testified that when he found that the defendant had obtained the money he spoke to his Uncle Ben (Mr. Sykes) about the matter and Sykes denied that the defendant had obtained the money and denied that he had given the defendant any authority to take the money. If this and other evidence offered by the plaintiff is to be believed the defendant had no authority to take the money.

A further discussion of the evidence is not necessary. It will be seen that the main issue was one of fact. The evidence offered by the plaintiff and the inferences to be drawn therefrom are in direct conflict with the evidence of the defendant and the inferences to be drawn therefrom. Both can not be true. One or the other must be mistaken. It was the duty of the trial court to have submitted the evidence to the jury under proper instructions, and it was the duty of the jurors to decide whom they would believe and whom they would not believe.

It is asserted by the defendant that the evidence shows that the money is still on deposit in bank to the credit of Mr. Sykes and that the defendant did not at any time attempt to apply it to his own use, and for this reason the defendant's acts did not amount to a conversion. If the money belonged to the plaintiff and the defendant wrongfully took it and exercised dominion over it to the exclusion of and in defiance of the plaintiff's rights, and prevented the plaintiff obtaining possession of it, it amounts to a conversion so far as the plaintiff is concerned for he is deprived of the use of it by the acts of the defendant. **Railroad Co. v O'Donnell, 49 Oh St 489; Gillespie & McCulley v Holland, 3 Oh Ap 116.**

The trial court erred in sustaining the motion of the defendant for a directed verdict. The judgment of the Court of Common Pleas will be reversed and the case remanded to that court for further proceedings according to law.

Judgment reversed.

MIDDLETON, PJ, and McCURDY, J, concur.